**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| BATH FITTER FRANCHISING, INC. | ) | |
| 102 Evergreen Drive | ) | |
| Springfield, Tennessee 37172, and | ) | |
| | ) | |
| MID ATLANTIC BATH SOLUTIONS, | ) | |
| LLC, | ) | Civil Action No.: _____ |
| 542 Industrial Drive | ) | |
| Lewisberry, Pennsylvania 17339 | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RAJIV DWIVEDI, | ) | |
| 165 Research Road | ) | |
| Greenbelt, Maryland 20770 | ) | |
| | ) | |
| Defendant. | ) | |

_____

## COMPLAINT AND MOTIONS FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION

Plaintiffs Bath Fitter Franchising, Inc. ("Bath Fitter") and Mid Atlantic Bath Solutions, LLC ("MABS") bring this action against MABS's former employee, Rajiv Dwivedi ("Defendant"), for, *inter alia*, federal trademark infringement, breach of a covenant not to compete, and for unfair competition under Maryland State law. Plaintiffs request, *inter alia*, a temporary restraining order under Rule 65(b) of the Federal Rules of Civil Procedure to enjoin the Defendant from using the Bath Fitter trademarks and from competing against MABS in contravention of the covenant not to compete between MABS and Defendant.

Plaintiffs hereby allege as follows:

## PARTIES

1.      Bath Fitter is part of a group of companies that specializes in the remodeling of bathrooms.  This group manufactures and sells bath and shower walls, bathtub liners, shower liners, shower enclosures, free-standing tubs and showers to both residential and commercial customers in the United States and Canada.  Bath Fitter, a Delaware corporation headquartered at 102 Evergreen Drive, Springfield, Tennessee 37172, is the Bath Fitter entity that owns the registered "Bath Fitter" trademark.

2.      MABS, a Maryland limited liability company headquartered at 542 Industrial Drive, Lewisberry, Pennsylvania 17339, is the Bath Fitter franchisee in Maryland and other States in the Mid Atlantic region.  MABS purchases Bath Fitter products from Bath Fitter, sells them to residential and commercial consumers in Maryland and other States, and installs the Bath Fitter products for their customers.  The membership interests in MABS are owned proportionally by three individuals, all residents of Pennsylvania.

3.      Defendant is a former MABS employee residing, upon information and belief, at 165 Research Road, Greenbelt, Maryland 20770.  As a MABS employee it was the Defendant's responsibility to sell Bath Fitter products and services to customers in Maryland, Virginia and the District of Columbia.

## SUBJECT MATTER JURISDICTION

4.      Plaintiffs file this action against Defendant for trademark infringement, trademark dilution, cyber piracy and false advertising under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 *et seq*., and related claims under the statutory and common law of the State of Maryland.  This Court has subject matter jurisdiction over the federal trademark

infringement, false advertising, and trademark dilution claims under 28 U.S.C.

§§1121(a), 1331, 1338(a) and 1367.

5.      This Court has subject matter jurisdiction over the remaining claims pursuant to

28 U.S.C. §1367, since those claims are related to and arise from the same set of facts as

Plaintiffs' trademark infringement claims.

6.      This Court also has subject matter jurisdiction over this action under 28 U.S.C.

§1332 because there is a diversity of citizenship between the parties and the amount in

controversy exceeds the sum of $75,000.

## PERSONAL JURISDICTION

7.      Defendant is subject to personal jurisdiction in this District as a resident of this

District and because, on information and belief, he transacts business and has substantial

contacts in this District and because Defendant's conduct will cause injury to Plaintiffs in

this District.

8.      In addition, Defendant has submitted to the jurisdiction of this Court pursuant to

an Employment Agreement entered into between Defendant and MABS dated December

26, 2012.  In that agreement, Defendant agreed to "submit to, and confer exclusive

jurisdiction on, the United States District Court or the State Court which has original

jurisdiction for the judicial district or county in which [Defendant] last worked for Mid

Atlantic Bath Solutions, LLC, or any other site of proper venue or jurisdiction, to be

determined solely at the election of Mid Atlantic Bath Solutions, LLC."

## VENUE

9.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (2)

because the Defendant resides in this District and a substantial part of the events giving

rise to these claims have occurred in this District.

**FACTS**

10.     Bath Fitter is a leader in providing simple, cost-effective bathroom remodeling

solutions for residential homes and commercial spaces such as hotels.  Recognizing the

value of its Bath Fitter brand, Bath Fitter took steps to protect it.  An application for

registration of the Bath Fitter trademark was filed in the United States Patent and

Trademark Office on May 20, 1992, under Serial No. 74277183.  A federal registration of

the Bath Fitter trademark issued on January 24, 1995, under Reg. No. 1875736.

Bath Fitter, either on its own or through franchisees, has over 200 locations in North

America.  The popularity of the Bath Fitter brand is evidenced by the fact that Bath Fitter

sells millions of dollars in product in North America every year.

11.     Bath Fitter has provided MABS with the exclusive right to provide Bath Fitter

products and service in Maryland, Pennsylvania, Virginia, and the District of Columbia

("The Mid-Atlantic Region"), in addition to other States.  Bath Fitter has licensed the

Bath Fitter trademark to MABS for use in connection with the sales and promotion of its

product in the Mid-Atlantic Region.

Defendant's Employment By MABS and the Employment Agreement

12.     On or about December 26, 2012, MABS hired Defendant as a residential sales

associate.  Defendant was employed at the Silver Springs, Maryland, office of MABS,

and served customers in Maryland, Virginia, and the District of Columbia.

13.     As part of his employment with MABS, Defendant entered into an Employment

Agreement dated December 26, 2012, and executed by Defendant on January 2, 2013

("Employment Agreement").  As part of that agreement, and in consideration for MABS

providing Defendant with confidential and proprietary business and trade secret

4

information, special training and customer lists, Defendant entered into a covenant not to compete.

14.     Specifically, the covenant not to compete states that "For a period of one (1) year following termination" of employment at MABS, Defendant:

> shall not become employed by, render services to, work on behalf of, become associated with, or perform any duties, directly or indirectly, for any entity (i) which operates, maintains or conducts a business in, or seeks to operate, maintain, or conduct business in the "Proscribed Area"; and (ii) which engages, in whole or in part, in the manufacturing, marketing, franchising, sale, installation and/or servicing of bathtub liners and wall units and related products and services or otherwise sells, or offers for sale, or provides the same or substantially similar products, services, supplies or equipment as Mid Atlantic Bath Solutions, LLC.

15.     The Employment Agreement defines the "Proscribed Area" as:

> either (a) within one hundred (100) miles from the Mid Atlantic Bath Solutions, LLC office [Defendant] principally worked from at the time of termination of [his] employment at Mid Atlantic Bath Solutions, LLC and any other Mid Atlantic Bath Solutions, LLC franchise branch office, or (b) within the territory, district or geographic area in which I serviced Mid Atlantic Bath Solutions, LLC customers as of the time of termination of my employment at Mid Atlantic Bath Solutions, LLC; whichever is greater.

16.     At all times during his employment with MABS, Defendant was employed at the Silver Spring, Maryland location of MABS.

17.     The Employment Agreement also provides that, "During [his] employment at Mid Atlantic Bath Solutions, LLC, and at all times thereafter, [Defendant] will not use, convert, misappropriate, release, divulge or disclose" Mid Atlantic Bath Solutions, LLC Information and Trade Secrets ("BITS").  This includes: business plans, contract and warranty forms, pricing, purchasing, and compensation.

18.     The Employment Agreement further provides that, should Defendant breach the Employment Agreement, MABS will be entitled to injunctive relief.  In addition, Defendant consented to the issuance of a Temporary Restraining Order and a preliminary

and permanent injunction prohibiting him from competing with MABS and "from any and all other acts of unfair competition or violations of the just and equitable principals of trade."

19.      Defendant was an at-will employee of MABS, a fact that he acknowledged in the Employment Agreement.

<u>Defendant's Various Websites Violate Bath Fitter Trademark and Breach The Terms of the Employment Agreement</u>

20.      On or about October 1, 2013, MABS became aware that Defendant was operating, without permission, a website under the domain name www.rajbathfitter.com, in addition to operating various social media sites that used the Bath Fitter trademark, Bath Fitter images and other Bath Fitter confidential information and content.  Not only was the use of the trademarks, images and content in violation of Defendant's Employment Agreement, but it was inconsistent with, and diminished, the Bath Fitter brand.

21.      As a result of Defendant's impermissible use of Bath Fitter's trademark and other Bath Fitter proprietary information, and as a result of the damage inflicted by Defendant on Bath Fitter's good will and on the Bath Fitter brand, MABS terminated Defendant's employment on or about October 1, 2013.

22.      Despite repeated demands to take down the www.rajbathfitter.com site and the offending images and content from his social media sites, Defendant continues to operate these sites, continues to infringe the Bath Fitter trademark and continues to confuse customers as to the origin of the products and services he offers.

23.      In addition to the www.rajbatherfitter.com website infringing Bath Fitter's trademark and causing confusion for consumers, it violates the non-compete provisions

of the Employment Agreement.  That website promotes bathroom remodeling and, upon

information and belief, provides a method for contacting Defendant to perform bathroom

remodeling services.  Specifically, the infringing website advertises "Vanity and Toilet"

remodeling, "Tub liners v. Tub replacement," "Tub to Shower" and "Fiberglass One

Piece Replacement"

24.     Defendant's infringing "Rajbathfitter" website has the following message for

potential customers:

> Tell Raj Dwivedi what you are interested in your bathroom and let my
> professional team of qualified manufacturers and installation partners help you
> improve the value of your home or business by remodeling the bathroom, shower,
> floors, walls, electrical and plumbing fixtures. Bathroom remodel projects pay for
> themselves and cost you more for waiting as labor and material costs increase
> every year.  Maximize the highest return on investment in your home by investing
> in the bathroom remodel project that fits your budget, will hold up and look new
> over time without a lot of maintenance, and can be paid for with home equity
> financing, or unsecured lines of credit.  We offer flexible, customized solutions
> from high end custom fabricated solutions in granite, natural stone, glass and solid
> wood furniture grade vanity cabinets and dovetail joint drawers to basic laminate
> products that look great.  We install Kohler and Gerber high efficiency toilets,
> porcelain tiles, install all the plumbing and electrical fixtures to fit any budget to
> providing labor only, advice only or warranty cleaning/maintenance only and
> financing only solutions.   We install whatever product you want and provide a
> transferrable warranty on all the labor and material for total peace of mind when
> choosing a solution with us.   Almost all of our customers (99%) come through
> referrals from other customers or contractors who know our quality, advice and
> the workmanship we bring at direct representative prices.   If you want a licensed,
> insured and professional remodeling partner through a qualified consultant and
> solution provider that will listen to you, seek to understand what your issues are
> and will work with you to solve them efficiently on time, cost effectively within
> budget and professionally with a valuable warranty then call Raj at 301-892-0207
> or click on the Free Estimates link to schedule an appointment.

25.     Upon information and belief, the www.rajbathfitter.com website contains

"testimonials" from "customers" who are in fact customers of MABS.  These

testimonials describe the customers' satisfaction with the Bath Fitter products and the

service and support provided by MABS.

26.     Defendant also operates three other websites: www.marylandbathremodel.com,

www.dcbathremodel.com, and www.virginiabathremodel.com, all of which are identical

to the www.rajbathfitter.com website, all which include the same Bath Fitter/MABS

testimonials, and all of which are in violation of the covenant not to compete in the

Employment Agreement.

27.     Upon information and belief, Defendant operates a website http://rajdwivedi.com,

which provides a link to his "remodeling" services, which redirects the customer to

www.marylandbathremodel.com (which, again, is identical to www.rajbathfitter.com).

28.     Upon information and belief, Defendant operates another website

http://bathremodeling.mynetworksolutions.com/salespromotions.html, which promotes

"10% Off the Bath Fitter Advantage" and encourages customers to:

> Call Raj at Bath Fitter today at 301-892-0207 for the best price, value and options
> available on the market for bathroom remodeling.  Offering solutions from tub to
> shower conversions, alternatives to tub painting, ceramic tile replacements, grout
> and caulk and porcelain tub re-glazing.  We're able to offer affordable
> solutions for shower door replacements, grab bars installed inside shower
> surrounds or on walls as well as wall and floor liners.  Ask about our exclusive
> and proprietary Delta valve with shutoffs built into the valve providing positive
> temperature and pressure balancing in the plumbing fixtures

29.     Upon information and belief, Defendant operates a Google Plus social media page

(https://plus.google.com/105628493087423722727/posts) showing images of a "tub to

shower conversion" in Suitland, Maryland.  This is in fact work performed by MABS

installing Bath Fitter products.

30.     Upon information and belief, Defendant operates a different Google Plus social

media page https://plus.google.com/+RajDwivedi/posts, which includes a picture of

coffee mugs with the Bath Fitter label affixed, a picture of a completed MABS job, and a

statement that "at half the price of a bathroom remodel being the bathtub and shower

area, Bath Fitter is a bargain at half the national average price with a product that will likely outlast the home's foundation and require less maintenance than the rest of the house."

31.     Upon information and belief, Defendant operates a blog which can be found at http://creditrepairer.blogspot.com/2013/11/converting-bank-turn-down-deals-into.html. On November 21, 2013, Defendant posted an entry on his blog describing Bath Fitter's pricing and financing terms in contravention of the non-disclosure covenant in the Employment Agreement.

32.     Defendant's use of the Bath Fitter trademark in his domain name, and his use of images of completed Bath Fitter/MABS work, and the frequent references to Bath Fitter on his websites, indicates falsely to the relevant purchasing public, including consumers in this District, that the services being offered by Defendant are affiliated, connected, or associated with Bath Fitter or MABS, or are sponsored, endorsed, or approved by Bath Fitter or MABS, or are related in some manner to Bath Fitter or MABS.

33.     Defendant's use of the Bath Fitter name and images enables Defendant to trade on and receive the benefits of the good will in the Bath Fitter name, which Bath Fitter and MABS have built up at great labor and expense over many years.

34.     Defendant's use of the Bath Fitter trademark and name, as well as images of Bath Fitter products, places the reputation and good will of Bath Fitter at least in part in the hands of Defendant, over whom Bath Fitter and MABS have no control.

35.     Upon information and belief, Defendant competes with Plaintiffs by offering his bathroom remodeling services in Maryland, Virginia and the District of Columbia.

36.     Upon information and belief, Defendant's acts complained of herein have been malicious, deliberate, willful, intentional, and in bad faith, committed with full

knowledge and conscious disregard of Bath Fitter's prior and superior rights in the Bath Fitter trademark and with an intent to trade on Bath Fitter's substantial good will in the Bath Fitter name.

37.     Plaintiffs have no adequate remedy at law and, if Defendant's activities are not enjoined, Plaintiffs will suffer irreparable harm and injury to their good will and reputation.

**COUNT 1**
**Trademark Infringement under Section 32 of the Lanham Act**
**(15 U.S.C. §§ 1114)**

38.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39.     Bath Fitter is the owner of the Bath Fitter trademark, Reg. No. 1875736, which is used in connection with the sale of its bath, shower, and bathroom remodeling products.

40.     Upon information and belief, without Bath Fitter's authorization or consent, and having knowledge of Bath Fitter's prior rights in the Bath Fitter trademark, Defendant has chosen to promote his services in interstate commerce by associating himself with the Bath Fitter trademark.

41.     Defendant's use of the Bath Fitter trademark is likely to cause confusion, mistake, and deception among the general purchasing public, including consumers in this District, as to the origin of the products and services Defendant is providing, to the damage and detriment of Bath Fitter's reputation, good will, and sales.

42.     Defendant's actions, in particular his use of the www.rajbathfitter.com domain name, constitute infringement of Bath Fitter's federally registered Bath Fitter trademark, in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

43.     This is an exceptional case pursuant to Section 35(a) of the Lanham Act, 15

U.S.C. §1117(a), in light of Defendant's willful and reckless disregard of Bath Fitter's

prior and superior rights in the Bath Fitter trademark.

**COUNT 2**
**False Designation of Origin and False Advertising**
**(15 U.S.C. § 1125(a))**

44.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 43 of this

Complaint as if fully set forth herein.

45.     The Bath Fitter mark is nonfunctional and its inherently distinctive quality has

achieved a high degree of consumer recognition and serves to identify Bath Fitter as the

source of high-quality goods and services.

46.     Defendant's use of Bath Fitter's trademark in interstate commerce as alleged

herein gives the false and misleading impression that Bath Fitter authorized such usage.

Defendant is making commercial use of the famous Bath Fitter mark in interstate

commerce and is marketing to the same members of the public as Plaintiffs under a false

designation of origin.

47.     Defendant's use of Bath Fitter's trademark is likely to cause confusion, mistake

and/or deception as to (a) the affiliation, connection and/or association of Defendant with

Plaintiffs, and (b) as to the origins, sponsorship, endorsement and/or approval of

Defendant's goods, services and/or commercial activities by Plaintiffs.

48.     Defendant's use of Bath Fitter's trademark is without Bath Fitter's permission or

authority and is in total disregard of Bath Fitter's rights to control its trademarks.

Defendant's acts have damaged and will continue to damage Plaintiffs, and Plaintiffs

have no adequate remedy at law.

## COUNT 3
## <u>Federal Trademark Dilution</u>
### (15 U.S.C. §§ 1125(c))

49.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 48 of this Complaint as if fully set forth herein.

50.     Bath Fitter's trademark is a strong and distinctive mark that has been in use for many years and has achieved enormous and widespread public recognition, and is thus "famous" within the meaning of the Lanham Act.

51.     Defendant is making commercial use of the famous Bath Fitter mark and is marketing to the same members of the public as Plaintiffs, which is likely to cause, and most likely has caused, confusion or mistake as to the affiliation, connection, or association between Defendant and Plaintiffs, or as to origin, sponsorship, or approval of Defendant's goods, services and/or commercial activities by Plaintiffs.

52.     Defendant's acts described above have diluted and continue to dilute the unique and distinctive Bath Fitter mark.  These acts violate the Lanham Act, have injured Bath Fitter and, unless immediately restrained, will continue to injure Bath Fitter, causing damage to Bath Fitter in an amount to be determined at trial, as well as irreparable injury to the good will associated with the Bath Fitter mark.

53.     Upon information and belief, Defendant's unlawful actions began long after the Bath Fitter mark became famous.

54.     Upon information and belief, Defendant acted knowingly, deliberately and willfully with the intent to trade on the good will of Bath Fitter's brand, and to dilute the Bath Fitter mark.  Defendant's conduct is willful, wanton and egregious.

55.    Plaintiffs have no adequate remedy at law to compensate them fully for the damages that have been caused and which will continue to be caused by Defendant's unlawful acts unless it is enjoined by this court.

**COUNT 4**
**Federal Trademark Cyberpiracy**
**(15 U.S.C. § 1125(d))**

56.    Plaintiffs repeat and reallege the allegations of paragraphs 1 through 55 of this Complaint as if fully set forth herein.

57.    Defendant's unauthorized registration and use of the infringing domain name www.rajbathfitter.com violates Plaintiffs' rights under Section 43(d) of the Lanham Act, 15 U.S.C. §1125(d).

58.    Defendant has registered, trafficked in, and/or used the infringing domain name www.rajbathfitter.com in bad faith and with an intent to profit from Bath Fitter's already distinctive name and mark.  Defendant's domain name is confusingly similar to Bath Fitter's distinctive mark and registered domain name.  In addition, the infringing domain name rajbathfitter.com is dilutive of the Bath Fitter mark which is famous.

59.    Bath Fitter is the owner of the Bath Fitter mark, which was distinctive and famous at the time of the registration of Defendant's infringing domain name.

60.    By using the infringing domain name, Defendant intended to divert the public from Bath Fitter's own online location (www.bathfitter.com) for commercial gain and/or with the intent to tarnish the Bath Fitter mark by creating a likelihood of confusion as to the source, sponsorship, affiliation and or endorsement of the infringing site, www.rajbathfitter.com.  Defendant knows that the rajbathfitter.com domain name is confusingly similar to the Bath Fitter mark and has used the infringing domain name without regard to the goods, services and/or commercial activities of Bath Fitter.

61.     On information and belief, Defendant's unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

62.     Defendant's actions have caused and will continue to cause irreparable harm to Plaintiffs, for which there is no adequate remedy at law.  Unless enjoined, Defendant will continue his unlawful activities, further injuring Plaintiffs and confusing the public.

63.     Defendant's registration and use of the rajbathfitter.com domain name has harmed the good will and reputation of Bath Fitter's mark for Defendant's commercial gain, and creates a likelihood of confusion as to the source, sponsorship, affiliation and endorsement of Defendant's website.  As a result of Defendant's infringing uses, Plaintiffs have and will suffer damages, for which Defendant is responsible.

## COUNT 5
## Common Law Trademark Infringement

64.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 63 of this Complaint as if fully set forth herein.

65.     Bath Fitter owns and enjoys in the State of Maryland and throughout the United States common law trademark rights in the federally registered Bath Fitter trademark and embodied in the Bath Fitter products.

66.     On information and belief, Defendant's acts have been committed knowingly, in bad faith, and with the intent to cause confusion, mistake, and deception among consumers.

67.     Defendant's acts constitute infringement of Bath Fitter's common law rights in the Bath Fitter mark and embodied in the Bath Fitter products.

68.     As a direct and proximate result of Defendant's conduct, Bath Fitter has been and is likely to continue to be substantially injured in its business, including harm to its good will and reputation and loss of revenues and profits.

**COUNT 6**
**Unfair Competition and/or Deceptive Trade Practices**

69.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 68 of this Complaint as if fully set forth herein.

70.     Defendant's use of the Bath Fitter trademark, along with his use of images of Bath Fitter products and services and his use of customer testimonials related to the Plaintiffs' products and work, is a false and misleading visual description or other representation which has the capacity, tendency, or effect of misleading or deceiving consumers, including those in this District.

71.     Defendant's use of the Bath Fitter trademark and images, and his passing off the Plaintiffs' work as his own, constitutes unfair competition under Maryland law and/or unfair or deceptive trade practices in violation of Maryland Code, Commercial Law, Section 13-301(1).  On information and belief, Defendant's acts were done knowingly and in bad faith.

**COUNT 7**
**Breach of Contract/Breach of Covenant Not to Compete**

72.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 71 of this Complaint as if fully set forth herein.

73.     On January 2, 2013, Defendant executed the Employment Agreement which contained a covenant not to compete.

74.     Upon information and belief, Defendant has violated and continues to violate that covenant not to compete by competing against MABS in the proscribed area.

15

75.     MABS has been irreparably harmed as a result, for which there is no adequate remedy at law.

## COUNT 8
### Breach of Contract/Breach of Covenant Not to Disclose

76.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 75 of this Complaint as if fully set forth herein.

77.     On January 2, 2013, Defendant executed the Employment Agreement which contained a covenant not to disclose MABS' confidential information.

78.     Upon information and belief, Defendant operates a blog which can be found at http://creditrepairer.blogspot.com/2013/11/converting-bank-turn-down-deals-into.html. On November 21, 2013, Defendant posted an entry on his blog describing Bath Fitter's pricing and financing terms in contravention of the non-disclosure covenant in the Employment Agreement.

79.     MABS has been irreparably harmed as a result, for which there is no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief against Defendant Dwivedi:

A.   A temporary restraining order, preliminary and permanent injunction prohibiting Defendant from the use of the Bath Fitter trademark and any images or content which would or could suggest that Defendant is affiliated or related in any manner whatsoever with Bath Fitter;

B.   A temporary restraining order, preliminary and permanent injunction prohibiting Defendant from competing against MABS in compliance with the

Employment Agreement for a period of one year from the termination of employment;

C.  An order requiring Defendant to file with the Court and serve on Plaintiffs within thirty (30) days after the entry and service upon Defendant of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has undertaken to comply and is complying with the Court's injunction, pursuant to Lanham Act section 34(a), 15 U.S.C. §1116(a);

D.  Ordering Defendant to transfer the rajbathfitter.com domain name to Bath Fitter, as provided by 15 U.S.C. 1125(d), without any cost to Plaintiffs;

E.  Award damages sustained as a result of Defendant's actions;

F.  Award Plaintiffs their reasonable attorneys' fees, pursuant to Lanham Act section 35, 15 U.S.C. § 1117, and pursuant to Section XIII of the Employment Agreement;

G.  Award Plaintiffs their costs in this action, pursuant to Lanham Act section 35, 15 U.S.C. § 1117, and pursuant to Section XIII of the Employment Agreement; and

H.  Such other and further relief as the Court deems to be just, reasonable and proper in the circumstances.

Dated:  December 6, 2013                         Respectfully Submitted,

_____
Sara E. Kropf (D. Md. No. 26818)
Law Office of Sara Kropf PLLC
1001 G Street, NW, Suite 800
Washington, DC 20001
Telephone:  (202) 627-6900
Facsimile:   (202) 347-0316
E-mail: sara@kropf-law.com


Of counsel:

James D. Bailey
Bailey Duquette P.C.
100 Broadway, 10th Floor
New York, NY 10005
(917) 797-5948